■ WILLIAM WIEDEMANN et al., Respondents, v SMITHTOWN GENERAL HOSPITAL, Defendant, and MOSES ASHKENAZY, Appellant.—In an action to recover damages for medical malpractice, etc., defendant Moses Ashkenazy appeals from (1) an order of the Supreme Court, Suffolk County, dated July 27, 1976, which denied his motion for a change of venue and (2) an order of the same court, entered October 15, 1976, which denied his similar motion, but did so without prejudice, and with leave to renew before the Trial Judge. Appeal from the order dated July 27, 1976 dismissed as academic. That order was superseded by the order entered October 14, 1976. Order entered October 14, 1976 affirmed. Respondents are awarded one bill of $50 costs and disbursements to cover both appeals. In early 1973, the plaintiffs commenced this action, alleging, *inter alia,* that defendant Ashkenazy had performed unnecessary neurosurgical operations upon one of the plaintiffs. Between February and May, 1976, *Newsday,* a Long Island newspaper, published approximately 12 articles regarding this case and numerous similar actions instituted against appellant. By reason thereof, appellant contends that it would be impossible for him to secure a fair trial in the County of Suffolk. Since the order appealed from gives the appellant permission to renew the motion for a change of venue before the trial court, it should be affirmed. It may well be that a jury could readily be selected from persons who have never heard of the appellant or who have not read any of the articles in question. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.

■ CHRISTA ZAGO, Plaintiff, v RYDER TRUCK RENTAL, INC., Defendant and Third-Party Plaintiff-Respondent. HARVARD ZAGO, Third-Party Defendant-Appellant. (Action No. 1.) (And a Caption in Action No. 2.)—In a negligence action to recover damages for personal injuries, third-party defendant Harvard Zago (in reality the attorney who represents him) appeals from an order of the Supreme Court, Queens County, dated August 2, 1976, which denied an application by his attorney for leave to withdraw from the defense of the third-party action, and did so without prejudice to a renewal of the application in the event that the Home Indemnity Company "establishes a proper and valid disclaimer of liability or denial of coverage." Order affirmed, without costs or disbursements. The discretion of Special Term was properly exercised. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.